IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BARBOUR, | : | CIVIL NO. 3:CV-11-0077 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, WARDEN | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Scott Barbour ("petitioner"), an inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. He contends that respondent violated his due process rights in the context of a disciplinary hearing. (Doc. 1, at 1.) The petition is ripe for disposition and, for the reasons that follow, will be denied.

### I. Background

On July 30, 2009, petitioner was made aware that he was being charged with a Prohibited Act Code 101 offense, Assaulting any person. The incident report, which was authored by John Stumbo, Special Investigative Support ("SIS") Technician, described the incident as follows:

> On July 30, 2009, at approximately 4:00 p.m., I SIS Tech John Stumbo reviewed the CCTV[1] system regarding an inmate on inmate assault that occurred in the B-3 Stairwell, involving inmates Parker, Richard #11678-112, Barbour, Scott #70937-079, and Payne, Scott #15279-018. The CCTV system revealed at approximately

---

[1] CCTV is the acronym for Closed Circuit Television.

> 3:13 p.m., inmates Barbour and Payne are waiting in the stairwell for inmate Parker to enter, inmate Payne gets behind inmate Parker and Inmate Barbour is in front of him on the stairs. Inmate Barbour starts striking with a stabbing motion inmate Parker in the head and neck area with his right hand, inmate Payne also begins striking inmate Parker with a stabbing motion in the head and upper torso. They continue striking inmate Parker with a stabbing motion and inmate Parker falls to the floor with inmate Payne on top of him, inmate Barbour begins to kick inmate Parker in the head and upper torso until inmate Payne gets up and they exit the stairwell, leaving inmate Parker on the floor in the stairwell.

(Doc. 10-1, at 28.)

Petitioner made no comment during the UDC review, which took place on July 31, 2009. The UDC referred the matter to the Disciplinary Hearing Officer ("DHO") based on photographs that accompanied the incident report and the contents of the incident report, and recommended that maximum sanctions be imposed at the DHO level. (Doc. 10-1, at 26.) After being advised of the rights associated with the process, petitioner signed the Inmate Rights at Discipline Hearing form. (Doc. 10-1, at 26.) He chose to call a witness, inmate Payne, and also exercised his right to have Case Manager Patrick serve as his staff representative at the hearing. (Id. at 25.) Mr. Patrick agreed to serve as the staff representative. (Doc. 2, at 7.)

The hearing commenced on August 24, 2009. (Doc. 10-1, at 21.) His staff representative "acknowledged fulfilling the duties as a staff representative, and the inmate's due process rights had been afforded. However, he had no information toward the mitigation of the charges." (Id.) Petitioner chose to waive the appearance of his witness, inmate Payne and, according to the DHO hearing report, he exercised his right to remain silent. (Id.) Documentary evidence submitted included the incident report, memorandums from B.

2

Adkins, Senior Officer, T. Brown, Case Manager, W. Murry, RN, inmate injury assessment forms, photographs of the assault from the "VICON video system" and photographs of petitioner, inmate Payne and inmate Lafond. (Id. at 21-22.)

The DHO found based on the evidence that petitioner committed the Prohibited Act Code 101 offense of Assaulting with serious injury. (Id. at 22.) In arriving at this conclusion, he stated the following:

> Based on the documented injuries to inmate Parker, the photographs of the area of the incident, photographs of the inmates involved, photographs from the institution video, and the written statement of the reporting staff, I find you committed the prohibited act of Assaulting with serious injury. Mr. Stumbo reported he reviewed the institution video and reported inmate Barbour and Payne are waiting in the stairwell for inmate Parker to enter, inmate Payne gets behind inmate Parker and inmate Barbour is in front of him on the stairs. Inmate Barbour starts striking, with a stabbing motion, inmate Parker in the head and neck area with his right hand, inmate Payne also begins striking inmate Parker with a stabbing motion in the head and upper torso. They continue striking inmate Parker with a stabbing motion and inmate Parker falls to the floor with inmate Payne on top of him, inmate Barbour begins to kick inmate Parker in the head and upper torso until inmate Payne gets up and they exit the stairwell, leaving inmate Parker on the floor in the stairwell.

(Doc. 10-1, at 23.)

In sanctioning him with disallowance of forty-one days of good conduct time, thirty days disciplinary segregation, and six months loss of telephone and commissary privileges, the DHO reasoned as follows: "The action on the part of any inmate to seriously assault or injure another person, regardless if that person is an inmate or staff, poses a serious threat not only to himself, but to the health, safety, and welfare of all others. As a serious assault was carried out, the charge was found to be appropriate. The sanctions imposed . . . were to

3

punish your misconduct and to encourage you to abide by institution rules in the future." (Id. at 23-24.)

After exhausting all available administrative avenues of review, petitioner filed the instant petition arguing that he was denied the assistance of a staff representative, and that because the DHO failed to take into account his statements denying his guilt the decision is not supported by the record. (Doc. 2, at 3.)

In support of these arguments, he represents that the following exchange took place during the hearing:

> [T]he DHO asked Mr. Patrick if he had viewed the surveillance footage of the assault. Mr. Patrick replied, "No, I did not know I had been appointed as the staff representative on this case."[2] The DHO stated, "It doesn't matter, I've seen the photographs and it's pretty clear Barbour is guilty." Petitioner stated "What photographs?" The DHO then produced several still photographs purportedly obtained from the surveillance footage. In one photograph, two individuals were standing on a landing in a stairwell. Petitioner asked the DHO, "Where am I?" The DHO pointed to one of the individuals. Petitioner stated, "That is not me; it doesn't even look like me." The DHO stated, "Well, I'm sure SIS [Special Investigative Services] has other photographs which led them to believe it was you." Petitioner' vehemently denied involvement in the assault. The DHO found petitioner guilty.

(Doc. 2, at 13).

## II. Discussion

Petitioner's claim that his due process rights were violated in the context of the disciplinary hearing process, and that this violation resulted in a loss of good conduct time, is

---

[2]Petitioner was charged with two unrelated assaults. (Doc. 2, at 6-7.) The disciplinary hearings for both assaults took place on the August 24, 2009.

properly the subject of this habeas petition because it directly impacts the duration of petitioner's confinement. The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).

The Bureau of Prisons' ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.10 through 541.23 (2009). These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.14.

Following the investigation, the matter is then referred to the UDC for review pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the Greatest or High severity category, the UDC refers the matter to a DHO for a hearing. In the instant matter, the UDC recommended that further review of the incident be referred to the DHO because of the severity of the offense. (Doc. 10-1, at 28.) The UDC further recommended that the maximum sanction be imposed at the DHO level. (Id.)

When a DHO hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive due process protections: 1) written notice of the claimed

violation at least twenty-four (24) hours in advance of the hearing; 2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; 3) aid in presenting a defense if the inmate is illiterate or the complexity of the case makes it unlikely that the inmate will be able to collect and present the necessary evidence for an adequate comprehension of the case; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 564-572 (1974).

Petitioner contends that he was denied the assistance of a staff representative. However, a prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceeding. See Hudson v. Hedgepeth, 92 F.3d 748, 751 (8th Cir. 1996). Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." See Wolff, 418 U.S. at 570; Duarte v. Turner, 46 F.3d 1199 (7th Cir. 1995) (unpublished opinion) (rejecting prisoner's habeas claim that his staff representative was ineffective for failing to discover evidence because due process under Wolff only requires the aid of a staff member where the inmate is illiterate or the issues are complex.)

According to the record, Case manager Patrick was requested as a staff representative and appeared at the hearing on petitioner's behalf. He acknowledged fulfilling his duties and

indicated that petitioner was afforded his due process rights. (Doc. 10-1, at 21, 25.) Although petitioner argues that he was not afforded staff representation, he fails to come forward with any evidence to controvert the record which demonstrates that the staff representative fulfilled his obligations to petitioner and was present, in his capacity as a staff representative, at the hearing. Therefore, the petition will be denied on this ground.

He also contests the sufficiency of the evidence on the basis that the DHO did not consider his denial of guilt as it relates to the still photographs of the VICON video system. Where the due process requirements of Wolff are met, as is the case here, the decision of the hearing examiner will be upheld if there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying Hill standard to federal prisoner due process challenges to prison disciplinary proceedings). The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455. Under Hill, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. Id. at 457; see also 28 C.F.R. § 541.17(f) (requiring that the DHO's decision be based upon at least some facts and, if there was conflicting evidence, to be based on the greater weight of the evidence).

In considering the evidence, as recited in section "I. Background," *supra*, the court

finds that the statement of the reporting officer, the injury assessment forms, and the photographs of the assault from the VICON video system constitute "some evidence" that petitioner committed the prohibited act. Although petitioner contends that during the hearing he denied his guilt by challenging the DHO's belief that he was the inmate depicted in the photographs, there is no evidence of this in the DHO's report and petitioner fails to come forward with any evidence in support of his position.

However, even if the Court were to fully accept petitioner's argument and disregard the photos in determining the sufficiency of the evidence, the conclusion that the evidence was sufficient would remain the same because the greater weight of the evidence, including the reporting officer's statements in the incident report and injury assessment forms, supports the DHO's finding of guilty. Based on the foregoing, the petition will be denied with respect to petitioner's claim that there was insufficient evidence to support the DHO's decision.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate Order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 8, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT BARBOUR, | : CIVIL NO. 3:CV-11-0077 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| B.A. BLEDSOE, WARDEN | : |
| Respondent | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 8th day of November 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court